# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN R. WEINSTEIN,<br><br>                Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | Case No. 2:12-cv-01094-LRH-PAL<br><br>**ORDER**<br><br>(IFP App - Dkt. #1) |

Plaintiff Steven R. Weinstein has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis and submitted a Complaint (Dkt. #1). This proceeding was referred to this court by Local Rule IB 1-9.

**I.     *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's Complaint.

**II.    Screening the Complaint**

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the

/ / /

deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

Plaintiff's Complaint challenges a decision by the Social Security Administration ("SSA") denying Plaintiff disability benefits. Before Plaintiff can sue the SSA in federal court, he must exhaust his administrative remedies. 42 U.S.C. § 405(g). *See Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (per curium) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). Plaintiff alleges that on April 27, 2012, the Appeals Council denied his request for review, and the ALJ's decision became the final decision of the Commissioner. Thus, it appears Plaintiff has exhausted his administrative remedies.

Once Plaintiff has exhausted his administrative remedies, he can obtain review of an SSA decision denying benefits by commencing a civil action within sixty days after notice of a final decision. *Id.* The Complaint should state the nature of Plaintiff's disability, when Plaintiff claims he became disabled, and when and how he exhausted his administrative remedies. Judicial review of the Commissioner's decision to deny benefits is limited to determining: (a) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner; and (b) whether the correct legal standards were applied. *Morgan v. Commissioner of the Social Security Adm.*, 169 F.3d 595, 599 (9th Cir. 1999).

Here, Plaintiff's Complaint seeks judicial review of the Commissioner's decision and requests the court reverse that decision, or alternatively, remand this matter for a new hearing. Plaintiff contends

1  there is not substantial medical or vocational evidence in the record to support: (a) the legal conclusion
2  he is not disabled withing the meaning of the Social Security Act; or (b) the Commissioner's finding
3  that Plaintiff could perform substantial gainful activity.  He asserts that the record supports a finding
4  that Plaintiff is disabled and has been continuously disabled at all relevant times.  Finally, Plaintiff
5  alleges new evidence exists that warrants a remand of this matter for further proceedings.  Accordingly,
6  Plaintiff has stated a claim for initial screening purposes under 28 U.S.C. § 1915.

**III.    Local Rule IA 10-1(b).**

Lastly, the court notes that attorney Marc Kalagian has appeared on behalf of Plaintiff.  Mr. Kalagian is a licensed Nevada lawyer, but he does not maintain an office in Nevada.  Local Rule IA 10-1(b) provides that a licensed Nevada attorney without offices in Nevada, "shall either associate a licensed Nevada attorney maintaining an office in Nevada or designate a licensed Nevada attorney maintaining an office in Nevada, upon whom all papers, process, or pleadings required to be served upon the attorney may be so served."  *Id.*  Accordingly, Mr. Kalagian shall have until **August 13, 2012,** to comply with Local Rule IA 10-1(b).

Based on the foregoing,

**IT IS ORDERED** that:

1. Plaintiff's request to proceed in forma pauperis is GRANTED.  Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars.
2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.
3. The Clerk of Court shall file the Complaint.
4. The Clerk of the Court shall serve the Commissioner of the Social Security Administration by sending a copy of the summons and Complaint by certified mail to: (1) General Counsel, Social Security Administration, Room 611, Altmeyer Bldg., 6401 Security Blvd., Baltimore, Maryland 21235; and (2) the Attorney General of the United

/ / /

|   |   |   |
|---|---|---|
| 1 |   | States, Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4400, |
| 2 |   | Washington, D.C. 20530. |
| 3 | 5. | The Clerk of Court shall issue summons to the United States Attorney for the District of |
| 4 |   | Nevada and deliver the summons and Complaint to the U.S. Marshal for service. |
| 5 | 6. | From this point forward, Plaintiff shall serve upon Defendant or, if appearance has been |
| 6 |   | entered by counsel, upon the attorney, a copy of every pleading, motion or other |
| 7 |   | document submitted for consideration by the court.  Plaintiff shall include with the |
| 8 |   | original paper submitted for filing a certificate stating the date that a true and correct |
| 9 |   | copy of the document was personally served or sent by mail to the defendants or counsel |
| 10 |   | for the defendants.  The court may disregard any paper received by a district judge or |
| 11 |   | magistrate judge which has not been filed with the Clerk, and any paper received by a |
| 12 |   | district judge, magistrate judge or the Clerk which fails to include a certificate of service. |
| 13 | 7. | Plaintiff's counsel, Mr. Marc Kalagian, shall have until **August 13, 2012,** to comply |
| 14 |   | with the requirements of Local Rule IA 10-1(b). |

Dated this 31st day of July, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE